SAMUEL SILVERMAN, complainant-appellant,

*v.*

RUDOLF KLUSSMAN et al., defendants-respondents.

[Submitted May term, 1924. Decided October 20th, 1924.]

1. In a suit to establish a resulting trust concerning real property standing in the name of an individual, the testimony of the vendor of the property is admissible to show from what source the purchase price of the property came, and its rejection by the trial court is reversible error.

2. A delay of eight years in bringing such a suit is not fatal where the parties are not surprised or prejudiced, and the status of the parties has not changed so as to involve a condition of injustice between the present litigating parties.

On appeal from the court of chancery.

*Mr. Saul Nemser,* for the complainant- appellant.

*Mr. Frank W. Hastings,* for the defendants-respondents.

The opinion of the court was delivered by

MINTURN, J.

This is an appeal from a final decree of the court of chancery, dismissing the bill of complaint which was filed to establish a resulting trust in property, in behalf of the complainant, in the city of Jersey City, fronting on what is known as Van Winkle avenue. The complainant alleges that on or about November 3d, 1915, he gave to Charles W. Ostrum, a lawyer in Jersey City, the money with which to purchase the property. The complainant, under the arrangement, was to obtain a half interest therein, and Ostrum was to obtain the other half. The title to the property, however, was acquired

by the defendant Klussman. Ostrum disappeared in 1921, and his story of the transaction was therefore unobtainable. The vice-chancellor found that defendant Klussman took title to the property at the request of his sister, Mrs. Ostrum, the wife of her departed husband, and that she paid the purchase price, and that the defendant agreed to hold the title for her use and benefit. Neither Klussman, the defendant, nor Mrs. Ostrum was examined as witnesses. With this knowledge of the fact in his possession, the complainant waited eight years before making any effort to assert his alleged title, and that fact induced the learned vice-chancellor to hold that he was in laches, and not entitled to the relief sought by his bill.

Our difficulty in sustaining the decree arises out of the fact that the learned trial court, during the course of the trial, overruled testimony quite material to the issue involved. For instance, the property was purchased from Bridget and Michael Lyons, and the vice-chancellor refused to admit their testimony as to who paid them the purchase price for the property. We think the complainant was entitled to have this testimony admitted, since it had an important bearing upon the case, for the purpose of elucidating from what source the purchase-money came. Other testimony of a like character would be quite potent in the proper disposition of the case.

We conclude, therefore, that the case should be sent back for a rehearing for the purpose indicated, since a trust of this character may be established by proof of circumstances tantamount to positive proof, tending to evince that the person to whom the legal title passed was, in fact, not the person who was entitled according to the real intent and design of the parties to become the real or beneficial owner, thereby imposing upon the actual vendee the status of a constructive trustee for such beneficial owner. *Cutler* v. *Tuttle, 19 N. J. Eq. 549;* *Down* v. *Down, 80 N. J. Eq. 68.*

We are not impressed with the defendants' contention of laches. While it may be urged that it was not pleaded as a

defense, it is quite manifest, on the other hand, that the parties were not surprised, and cannot be prejudiced by its introduction. Neither the parties to the transaction nor the status of the parties has been changed, since the deed was delivered, so as to evolve a condition of injustice between the present litigating parties, which consideration presents the basic theory underlying the doctrine of laches. *Tooker* v. *Sugar Refining Co., 80 N. J. Eq. 306; Galliher* v. *Cadwell, 145 U. S. 368.*

We conclude, therefore, that the decree should be reversed, to the end that the cause may be retried upon the lines herein indicated.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays—15.